# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5234-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PAUL ANDERSON,

     Defendant-Appellant.

_____

> Submitted October 21, 2019 – Decided   December 30, 2019
>
> Before Judges Rothstadt and Mitterhoff.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 01-09-1784.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Damen J. Thiel, Designated Counsel, on the brief).
>
> Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Paul Anderson appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Defendant pled guilty to fourth-degree lewdness, N.J.S.A. 2C:14-4(b)(1), on June 9, 2003. The court sentenced defendant on July 25, 2003, to five years of non-custodial probation and required him to attend behavioral counseling. Defendant did not file a direct appeal from his conviction or sentence.

The charges against defendant arose from an incident that took place on July 20, 2001, with a twelve-year old victim. Defendant was subsequently charged in an indictment with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), second-degree sexual assault, N.J.S.A. 2C:14-2(b), and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). On June 9, 2003, defendant pled guilty to fourth-degree lewdness pursuant to a plea agreement, after the third-degree endangering the welfare of a child charge was amended to that charge. The remaining charges were dismissed.

At the plea hearing, defendant gave a factual basis for the offense. Defendant further stated that he was not forced to plead guilty; he understood that he was giving up his rights to a jury trial, to remain silent, and to confront the witnesses against

him. Defendant also stated that he understood he would have a criminal record, and that he was "satisfied with the services of" his plea counsel.

On July 25, 2003, defendant appeared for sentencing. At sentencing, defendant acknowledged that he was unhappy with how this matter turned out, but he did not seek to withdraw his plea. The sentencing judge imposed the probationary term in accordance with defendant's plea agreement, and conditioned his probation on, among other things, defendant's participation in behavioral counseling.[1]

Six months later, after defendant was convicted of driving while intoxicated, he was charged with a violation of probation (VOP) for the new offense and for failing to participate in behavioral counseling. A judge held a VOP hearing on January 30, 2004, at which defendant pled guilty to the violation. The judge ordered defendant to attend behavioral counseling by the re-sentencing date.

---

[1] Although defendant was not required to comply with the requirements of Megan's Law, N.J.S.A. 2C:7-1 to -23, the judge directed that he

> register with the local police department and advise them of his address yearly. . . . [T]he police [would be advised] that [defendant was] convicted of a lewdness offense and required as a condition of probation to advise the police . . . immediately of any change[s to his] address. If [defendant] move[d] to a new town, he [was required to] follow the same procedure of letting them know where he is.

3

On March 12, 2004, defendant was represented by new counsel at sentencing on the VOP. Defendant admitted that he failed to attend behavioral counseling but blamed the failure on the cost and his plea counsel for "destroy[ing his] life." After finding defendant had a negative attitude and that he failed to cooperate with probation, the judge sentenced defendant to nine months in prison. Defendant filed a motion for reconsideration of his sentence. On May 28, 2004, the judge vacated the remainder of the jail term, reinstated five years of probation starting from July 25, 2003, and ordered that defendant obtain full-time employment.

Twelve years later, on August 17, 2016, defendant filed a PCR petition in which he contended: trial counsel failed to fight the charges against defendant, as there was insufficient evidence produced; his trial counsel lied to him about the plea agreement; "a portion of defendant's testimony [was] removed from the records"; the judge imprisoned defendant for failing to go to a doctor that the judge had recommended; a "suggestion of guilt" was made by a probation officer; the judge was biased towards defendant as they had a mutual friend; additional charges were added against defendant by the State without any new evidence; defendant's father observed the victim's mother being coerced into filing a complaint; the victim's family and friends "plant[ed] money" in defendant's house; defendant was followed by hit men who were hired by the

victim's parents; the victim's family has incestual relationships; and the "plea was [for] lewdness and nothing more."

A brief and amended petition were later submitted on behalf of defendant. In this brief, defendant argued he was not procedurally barred from filing a late PCR petition due to ineffective assistance of counsel (IAC), including his being coerced to plead guilty, counsel's failure to interview potential witnesses, and failure to prepare defendant's case. Defendant did not file his own certification or any from any other person that set forth any specific facts in support of any of his contentions on PCR.

Judge Leslie-Ann M. Justus considered oral argument on December 14, 2017, and entered an order denying defendant's petition on December 22, 2017, after placing her reasons on the record that day. Initially, the judge found defendant's petition to be time-barred under Rule 3:22-12, as his petition was filed seven years after the five-year deadline established under the Rule. Judge Justus then considered whether defendant established a reason under State v. Mitchell, 126 N.J. 565, 580 (1992) to relax the Rule's time-bar. Since defendant failed to provide any evidence as to why he waited twelve years to file his PCR petition, the judge found there was no excusable neglect.

Judge Justus also addressed the merits of defendant's IAC claim as to his trial counsel. The judge observed that there was no evidence in the record to support defendant's claim that his trial counsel coerced him into accepting the plea. At the plea colloquy, defendant "freely, knowingly and voluntarily pleaded guilty to the amended charge of fourth-degree lewdness." She noted that defendant's plea counsel acted effectively by negotiating a favorable plea, as defendant faced a maximum sentence of thirty-five years with seventeen years of parole ineligibility, a fine between $300,000 to $400,000, and compliance with Megan's Law.

Judge Justus then responded to each of the twelve points raised by defendant in his initial petition. Addressing defendant's argument that his plea counsel failed to fight the charges against him, the judge found that counsel had advocated, negotiated, and obtained a favorable plea offer for defendant. On defendant's claim that his counsel failed to provide him with accurate information, the judge found that the argument was baseless. Additionally, since defendant did not "specif[y] what testimony [he wanted] removed from the record," that claim could not be considered. The judge also found that defendant was jailed for violating probation and failing to participate in behavioral counseling, not for failing to go to a doctor on the VOP judge's list. On that

6

same claim, Judge Justus stated that there was not a claim for which relief could be sought as the jail time was vacated on defendant's motion for reconsideration.

Addressing defendant's claims about his probation officer and the VOP judge, the judge found them to be irrelevant and unsupported by the record. Judge Justus also explained that the aggravated sexual assault charge was included in the indictment as the State "establish[ed] a prima facie case" against defendant. Addressing defendant's claim that the plea agreement was for "lewdness and nothing more," the judge stated the claim was merely "a statement of fact," in which no relief could be granted. The judge found defendant's remaining arguments to be irrelevant to defendant's PCR petition or unsupported by the record. After evaluating the petition in full, the judge concluded that defendant's claims were not supported by evidence or were directly contradicted by the record. This appeal followed.

Defendant presents the following issues for our consideration on appeal:

> POINT I
>
> THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] BECAUSE DEFENDANT'S TRIAL/PLEA COUNSEL WAS INEFFECTIVE IN INVESTIGATING DEFENDANT'S CASE AND DURING HIS GUILTY PLEA.
>
> POINT II

7

> THIS COURT SHOULD FIND THAT DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN HIS PETITION FOR [PCR], REVERSE THE PCR COURT'S DECISION, AND REMAND THIS CASE FOR A RE-HEARING WITH EFFECTIVE COUNSEL REPRESENTING DEFENDANT.

We are not persuaded by these arguments and affirm.

We conclude from our review of the record that Judge Justus correctly found that defendant's petition was procedurally barred as untimely under Rule 3:22-12(a)(1), especially since defendant failed to demonstrate excusable neglect and explain why he waited twelve years to file his petition. State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Even assuming that defendant's petition was not time-barred, as the PCR judge determined, he failed to make a prima facie showing of IAC under the well-settled test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, l05 N.J. 42, 49 (l987).

Under Strickland, in order to prevail on a claim of IAC, a defendant must meet the two-prong test: (l) that counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment of the United States Constitution; and (2) that the defect in performance prejudiced defendant's right

to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694. Here, defendant failed to meet his burden.

We find defendant's arguments to the contrary to be without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge Justus in her comprehensive oral decision. We only reiterate that defendant's petition was without any factual support. See State v. Cummings, 321 N.J. Super. 154, 170 (1999) (stating that a defendant "must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance."). We also conclude that the judge correctly held that under these circumstances, an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

As to defendant's claims against his PCR counsel, we decline to consider the issue on appeal as such claims are reserved for a bona fide second PCR petition. See R. 3:22-12(a)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5234-17T4